IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICK LEMUEL BASS ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:07cv887-WHA |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

**UNITED STATES'S RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America (the "Government") by and through its attorneys, Leura G. Canary, United States Attorney, and Andrew O. Schiff, Assistant U.S. Attorney, and in compliance with this Court's October 10, 2007 order for the Government to address Petitioner Patrick Lemuel Bass's allegations of ineffective assistance of counsel, responds as follows:

**I.     PROCEDURAL HISTORY AND RELEVANT FACTS**

Petitioner Patrick Lemuel Bass ("Bass") was originally charged by an Indictment returned April 20, 2005. (Doc. 1[1]) Count 1 charged Bass with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); count 2 charged simple possession of methamphetamine, in violation of 21 U.S.C. § 844(a). On June 14, 2006, Bass pled guilty pursuant to a plea agreement with the United States. (Doc. 33[2]) In the agreement, which was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C), Bass agreed to plead guilty to Count 1 of the Indictment and to a sentence within the applicable Guideline Range. In exchange, the Government agreed (a) to a sentence within the

---

[1]The references to "Doc." are to the docketed entries from Bass's criminal case, criminal case number 2:04-cr-00112-WHA-SRW-ALL. The Indictment is attached hereto as Exhibit A.

[2]The Plea Agreement is attached hereto as Exhibit B.

Guideline Range, (b) to dismiss Count 2, (c) to a three-level reduction for acceptance of responsibility, (d) to a maximum sentence of 180 months in the event Bass was determined to be subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and (e) to a sentence that would run concurrently with any sentence imposed on Bass in connection with certain state charges pending in Alabama and Georgia.

Sentencing was held on October 12, 2006. The ACCA was determined to be inapplicable. There were no other contested issues; in particular, Bass did not object to the PSI's conclusion that the offense level be increased by four levels because Bass possessed the firearm in connection with his possession of methamphetamine.[3] Bass was sentenced to a within-Guideline sentence of 96 months, which was the top-end of the range applicable to offense level 21 and criminal history

---

[3] Application of the enhancement was based on the following offense conduct described in the PSI:

On February 7, 2004, approximately 9:40 p.m., an Alabama State Trooper executed a traffic stop after he observed a white Honda Accord occupied by two persons run off the road. The trooper approached and observed that both occupants appeared nervous. The trooper asked the passenger, Patrick Lemuel Bass, to produce identification but Bass claimed the driver, Susan Dixon, had his license inside her purse. Dixon seemed surprised but frantically searched through her purse with negative results. While the trooper awaited proof of identity, Bass turned his back and placed his hands between the seats, where the trooper could not see them. Bass was instructed to turn around and exit, at which time, he shoved the door open and fled on foot. Bass was apprehended shortly thereafter attempting to jump a fence. The trooper had to administer OC spray several times because Bass failed to obey his commands, resisted arrest and struck the trooper in the face with his right fist. The defendant was handcuffed after help arrived. A search of his person revealed a set of digital scales, $795.00 dollars, three pocket knives, a black zip lock bag with a gas pipe, and a clear plastic bag containing methamphetamine from Bass' person. The trooper also discovered a Jennings Firearms, Bryco 38, .380 pistol, serial number 501139 and a cellular phone on the ground where Bass laid. Bass was arrested and transported to the Lee County Jail, where it was discovered he had four outstanding warrants. Forensic analysis of the seized drugs revealed the presence of **5.72 grams** of methamphetamine

category VI. (Doc. 43[4]) Bass did not appeal. However, he timely filed the instant proceeding on October 3, 2007.[5]

## II. CLAIM RAISED IN THE § 2255 MOTION

In his motion, Bass claims that it was unlawful under *United States v. Booker*, 543 U.S. 220 (2005), for the district court to apply the four-level enhancement pursuant to U.S.S.G. § 5K2.1(b)(6) because Bass was not charged with felony narcotics distribution and did not admit the facts underlying the possession offense. Therefore, Bass claims that his counsel was ineffective for failing to object to the enhancement. As shown below, however, Bass cannot establish that his counsel was ineffective or that he suffered prejudice.

To succeed on a claim of ineffective assistance of counsel, Bass must prove both that his counsel's performance was deficient and that that deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Bell v. Cone*, 535 U.S. 685, 697-98 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective assistance of counsel claims). More specifically, Bass must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) his counsel's alleged errors or omissions prejudiced him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his sentencing would have been different. *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

---

[4] The judgment of conviction is attached as Exhibit C.

[5] Bass has the right to file this proceeding, since his waiver in the plea agreement of his right to collaterally attack the sentence excludes claims of ineffective assistance of counsel.

In analyzing counsel's performance under the performance prong of *Strickland*, this Court must presume that the conduct of counsel was reasonable. *See id.* at 477. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment, and the proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 690. A "[d]efendant must prove deficient performance by a preponderance of competent evidence." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted).

The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden. The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately. Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis in original) (citations and quotations omitted).

To succeed on an ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *Id.* at 693*; see also Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002). Moreover, "[a] determination of the prejudice prong of the *Strickland* analysis is necessarily dependent on a review of the merits of [the underlying claim]." *Cross v. United States*,

893 F.2d 1287, 1290 (11th Cir. 1990). "Counsel cannot be labeled ineffective for failing to raise issues which have no merit." *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Finally, as the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord Robinson v. Moore*, 300 F.3d at 1343.

### A. Bass Has Not Demonstrated Deficient Performance

Bass's counsel cannot be faulted for failing to raise meritless claims. As to Bass's claim that the district court could not consider his narcotics offense in calculating his Guideline Range absent a conviction, such an argument was conclusively foreclosed by circuit precedent at the time he was sentenced. *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) ("After *Booker*, district courts may still impose fact-based sentencing enhancements under an advisory guidelines system without violating the Sixth Amendment); *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (same).

As for Bass's claim that he did not admit the facts giving rise to the enhancement, he did admit them by failing to object to the PSI, *see United States v. Bennett,* 472 F.3d 825, 833-34 (11th Cir. 2006), and he does not claim that the recitation in the PSI was incorrect.[6] Under the facts described in the PSI–Bass possessed the gun simultaneously with his possession of digital scales, $795.00 in currency, three pocket knives, a black zip lock bag with a gas pipe, and a clear plastic bag

---

[6]If Bass had contested these facts, he would have risked losing the reduction for acceptance of responsibility. *See* U.S.S.G. 3E1.1, app. note 1(a) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

containing 5.72 grams of methamphetamine–application of the enhancement was clearly appropriate. Section 2K2.1(b)(6) provides for a four-level enhancement in the event that the weapon is "used or possessed . . . in connection with another felony offense." Bass's possession of methamphetamine was a felony under both federal[7] and state[8] law. Moreover, his possession of the weapon on his person along with the drugs, scales, and cash is clearly sufficient to establish that his possession was "in connection with" this felony. *See United States v. Smith*, 480 F.3d 1277, 1280-81 (11th Cir.) (enhancement applied to "felony offense of drug possession" when defendant simultaneously possessed firearm and small quantity of cocaine), *cert. denied*, 128 S. Ct. 175 (2007); *see also United States v. Wooten*, 2007 WL 3307365 (11th Cir. Nov. 8, 2007) (unpublished) (enhancement applicable when defendant possessed simultaneously marijuana packaged for personal use and a shotgun in unlocked car trunk).

Finally, in Bass's counsel's affidavit, she suggests that Bass might have been better off pleading to both counts of the indictment. Counsel's self-critique does not equate to ineffectiveness. As an initial matter, if the Guidelines truly provided for a lower sentence in the event of a plea to both counts, the Government would not have entered into a plea agreement that brought about that result. Instead, Bass would have had to have pled "blind," which would have subjected him to a 12-year maximum sentence and to a motion by the government for an upward departure on the basis

---

[7]Because Bass had a prior conviction for distribution of narcotics, his simple possession would have been punishable as a felony upon the filing by the Government of an enhanced penalty information. *See* 21 U.S.C. § 851. Because the case was resolved with the dismissal of Count 2, the Government did not need to file the information, which in any event was not a prerequisite to the application of the enhancement. *See United States v. Irby*, 240 F.3d 597, 599-600 (7th Cir. 2001); *accord United States v. Campbell*, 118 Fed. Appx. 659, 662 (3d Cir. 2004) (unpublished).

[8]Ala. Code § 13A-12-212.

that, given his *26* criminal history points, criminal history category VI substantially understated his propensity for criminal activity.

In any event, there is no authority for the proposition that a guilty plea to the simple possession charge would have altered the calculation of the Guideline Range with respect to Count 1. Nothing in the Guidelines suggests that the section 2K2.1(b)(6) enhancement is inapplicable when there is a separate offense of conviction relating to the other felony offense. To the contrary, the two offenses would have been grouped pursuant to U.S.S.G. § 3D1.2. *See United States v. Bell*, 477 F.3d 607, 614-16 (8th Cir. 2007) (citing *United States v. King*, 201 Fed. Appx. 715, 717 (11th Cir. 2006) (unpublished)). Count 1 would have had the highest offense level, which would have become the total offense level prior to the adjustment for acceptance of responsibility. *See* U.S.S.G. § 3D1.3(a). The section 2K2.1(b)(6) enhancement would only be inapplicable in the circumstance where there is a conviction under 18 U.S.C. § 924(c). *See* U.S.S.G. § 2K2.4, app. note 4. Therefore, counsel was not ineffective for failing to advise Bass to plead guilty to both counts of the indictment.

### B.     Bass Has Not Shown Prejudice From Counsel's Performance

For the same reasons that counsel was not ineffective for failing to make the arguments, Bass suffered no prejudice. As described above, all of the conceivable arguments that Bass's counsel could have made would have lacked merit. There is nothing that counsel could have done to have prevented Bass from receiving the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), and therefore he cannot establish a claim of ineffective assistance of counsel.

### CONCLUSION

For the reasons set forth above, Bass has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing, and his claims for relief

should be denied without such a hearing. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991).

Respectfully submitted this 21st day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1777
(334) 223-7135 (fax)
E-mail:  andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK LEMUEL BASS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07cv887-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Patrick Lemuel Bass, Reg. No. 11872-002, Federal Correctional Complex, USP Coleman II - Unit G1, P.O. Box 1034, Coleman, FL 33521-1034.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov