IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK LEMUEL BASS            )
                              )
        Petitioner,           )
                              )
v.                            )        Civil Action No. 3:07cv887-WHA
                              )
UNITED STATES OF AMERICA      )
                              )
        Respondent.           )

_____

### UNITED STATES'S RESPONSE TO § 2255 MOTION

COMES NOW the United States of America (the "Government") by and through its

attorneys, Leura G. Canary, United States Attorney, and Andrew O. Schiff, Assistant U.S. Attorney,

and in compliance with this Court's October 10, 2007 order for the Government to address Petitioner

Patrick Lemuel Bass's allegations of ineffective assistance of counsel, responds as follows:

### I.    PROCEDURAL HISTORY AND RELEVANT FACTS

Petitioner Patrick Lemuel Bass ("Bass") was originally charged by an Indictment returned

April 20, 2005.  (Doc. 1[1])  Count 1 charged Bass with being a felon-in-possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1); count 2 charged simple possession of methamphetamine, in

violation of 21 U.S.C. § 844(a).  On June 14, 2006, Bass pled guilty pursuant to a plea agreement

with the United States.  (Doc. 33[2])  In the agreement, which was entered pursuant to Fed. R. Crim.

P. 11(c)(1)(C), Bass agreed to plead guilty to Count 1 of the Indictment and to a sentence within the

applicable Guideline Range.  In exchange, the Government agreed (a) to a sentence within the

_____

[1]The references to "Doc." are to the docketed entries from Bass's criminal case, criminal case
number 2:04-cr-00112-WHA-SRW-ALL. The Indictment is attached hereto as Exhibit A.

[2]The Plea Agreement is attached hereto as Exhibit B.

Guideline Range, (b) to dismiss Count 2, (c) to a three-level reduction for acceptance of responsibility, (d) to a maximum sentence of 180 months in the event Bass was determined to be subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and (e) to a sentence that would run concurrently with any sentence imposed on Bass in connection with certain state charges pending in Alabama and Georgia.

Sentencing was held on October 12, 2006. The ACCA was determined to be inapplicable. There were no other contested issues; in particular, Bass did not object to the PSI's conclusion that the offense level be increased by four levels because Bass possessed the firearm in connection with his possession of methamphetamine.[3] Bass was sentenced to a within-Guideline sentence of 96 months, which was the top-end of the range applicable to offense level 21 and criminal history

---

[3] Application of the enhancement was based on the following offense conduct described in the PSI:

On February 7, 2004, approximately 9:40 p.m., an Alabama State Trooper executed a traffic stop after he observed a white Honda Accord occupied by two persons run off the road. The trooper approached and observed that both occupants appeared nervous. The trooper asked the passenger, Patrick Lemuel Bass, to produce identification but Bass claimed the driver, Susan Dixon, had his license inside her purse. Dixon seemed surprised but frantically searched through her purse with negative results. While the trooper awaited proof of identity, Bass turned his back and placed his hands between the seats, where the trooper could not see them. Bass was instructed to turn around and exit, at which time, he shoved the door open and fled on foot. Bass was apprehended shortly thereafter attempting to jump a fence. The trooper had to administer OC spray several times because Bass failed to obey his commands, resisted arrest and struck the trooper in the face with his right fist. The defendant was handcuffed after help arrived. A search of his person revealed a set of digital scales, $795.00 dollars, three pocket knives, a black zip lock bag with a gas pipe, and a clear plastic bag containing methamphetamine from Bass' person. The trooper also discovered a Jennings Firearms, Bryco 38, .380 pistol, serial number 501139 and a cellular phone on the ground where Bass laid. Bass was arrested and transported to the Lee County Jail, where it was discovered he had four outstanding warrants. Forensic analysis of the seized drugs revealed the presence of **5.72 grams** of methamphetamine

category VI.  (Doc. 43[4])  Bass did not appeal.  However, he timely filed the instant proceeding on October 3, 2007.[5]

## II.    CLAIM RAISED IN THE § 2255 MOTION

In his motion, Bass claims that it was unlawful under *United States v. Booker*, 543 U.S. 220 (2005), for the district court to apply the four-level enhancement pursuant to U.S.S.G. § 5K2.1(b)(6) because Bass was not charged with felony narcotics distribution and did not admit the facts underlying the possession offense.  Therefore, Bass claims that his counsel was ineffective for failing to object to the enhancement.  As shown below, however, Bass cannot establish that his counsel was ineffective or that he suffered prejudice.

To succeed on a claim of ineffective assistance of counsel, Bass must prove both that his counsel's performance was deficient and that that deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Bell v. Cone*, 535 U.S. 685, 697-98 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective assistance of counsel claims).  More specifically, Bass must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) his counsel's alleged errors or omissions prejudiced him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his sentencing would have been different.  *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

---

[4]The judgment of conviction is attached as Exhibit C.

[5]Bass has the right to file this proceeding, since his waiver in the plea agreement of his right to collaterally attack the sentence excludes claims of ineffective assistance of counsel.

In analyzing counsel's performance under the performance prong of *Strickland*, this Court must presume that the conduct of counsel was reasonable. *See id.* at 477. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment, and the proper measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 690. A "[d]efendant must prove deficient performance by a preponderance of competent evidence." *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1303-04 (11th Cir. 2000) (footnotes omitted).

The Eleventh Circuit has described a defendant's burden with regard to the deficient performance prong of an ineffective assistance of counsel claim as follows:

> Because there is such a wide range of constitutionally acceptable performance, a petitioner seeking to rebut the presumption of adequate performance must bear a heavy burden. The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately. Thus, in order to show that counsel's performance was unreasonable, the petitioner must establish that *no competent counsel would have taken the action that his counsel did take....*

*Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis in original) (citations and quotations omitted).

To succeed on an ineffective assistance of counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *Id.* at 693*; see also Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002). Moreover, "[a] determination of the prejudice prong of the *Strickland* analysis is necessarily dependent on a review of the merits of [the underlying claim]." *Cross v. United States*,

893 F.2d 1287, 1290 (11th Cir. 1990). "Counsel cannot be labeled ineffective for failing to raise issues which have no merit." *Card v. Dugger*, 911 F.2d 1494, 1520 (11th Cir. 1990).

Finally, as the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that a failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord Robinson v. Moore*, 300 F.3d at 1343.

### A.    Bass Has Not Demonstrated Deficient Performance

Bass's counsel cannot be faulted for failing to raise meritless claims. As to Bass's claim that the district court could not consider his narcotics offense in calculating his Guideline Range absent a conviction, such an argument was conclusively foreclosed by circuit precedent at the time he was sentenced. *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006) ("After *Booker*, district courts may still impose fact-based sentencing enhancements under an advisory guidelines system without violating the Sixth Amendment); *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (same).

As for Bass's claim that he did not admit the facts giving rise to the enhancement, he did admit them by failing to object to the PSI, *see United States v. Bennett,* 472 F.3d 825, 833-34 (11th Cir. 2006), and he does not claim that the recitation in the PSI was incorrect.[6] Under the facts described in the PSI–Bass possessed the gun simultaneously with his possession of digital scales, $795.00 in currency, three pocket knives, a black zip lock bag with a gas pipe, and a clear plastic bag

---

[6]If Bass had contested these facts, he would have risked losing the reduction for acceptance of responsibility. *See* U.S.S.G. 3E1.1, app. note 1(a) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.").

containing 5.72 grams of methamphetamine–application of the enhancement was clearly appropriate. Section 2K2.1(b)(6) provides for a four-level enhancement in the event that the weapon is "used or possessed . . . in connection with another felony offense." Bass's possession of methamphetamine was a felony under both federal[7] and state[8] law. Moreover, his possession of the weapon on his person along with the drugs, scales, and cash is clearly sufficient to establish that his possession was "in connection with" this felony. *See United States v. Smith*, 480 F.3d 1277, 1280-81 (11th Cir.) (enhancement applied to "felony offense of drug possession" when defendant simultaneously possessed firearm and small quantity of cocaine), *cert. denied*, 128 S. Ct. 175 (2007); *see also United States v. Wooten*, 2007 WL 3307365 (11th Cir. Nov. 8, 2007) (unpublished) (enhancement applicable when defendant possessed simultaneously marijuana packaged for personal use and a shotgun in unlocked car trunk).

Finally, in Bass's counsel's affidavit, she suggests that Bass might have been better off pleading to both counts of the indictment. Counsel's self-critique does not equate to ineffectiveness. As an initial matter, if the Guidelines truly provided for a lower sentence in the event of a plea to both counts, the Government would not have entered into a plea agreement that brought about that result. Instead, Bass would have had to have pled "blind," which would have subjected him to a 12-year maximum sentence and to a motion by the government for an upward departure on the basis

---

[7]Because Bass had a prior conviction for distribution of narcotics, his simple possession would have been punishable as a felony upon the filing by the Government of an enhanced penalty information. *See* 21 U.S.C. § 851. Because the case was resolved with the dismissal of Count 2, the Government did not need to file the information, which in any event was not a prerequisite to the application of the enhancement. *See United States v. Irby*, 240 F.3d 597, 599-600 (7th Cir. 2001); *accord United States v. Campbell*, 118 Fed. Appx. 659, 662 (3d Cir. 2004) (unpublished).

[8]Ala. Code § 13A-12-212.

that, given his *26* criminal history points, criminal history category VI substantially understated his propensity for criminal activity.

In any event, there is no authority for the proposition that a guilty plea to the simple possession charge would have altered the calculation of the Guideline Range with respect to Count 1. Nothing in the Guidelines suggests that the section 2K2.1(b)(6) enhancement is inapplicable when there is a separate offense of conviction relating to the other felony offense. To the contrary, the two offenses would have been grouped pursuant to U.S.S.G. § 3D1.2. *See United States v. Bell*, 477 F.3d 607, 614-16 (8th Cir. 2007) (citing *United States v. King*, 201 Fed. Appx. 715, 717 (11th Cir. 2006) (unpublished)). Count 1 would have had the highest offense level, which would have become the total offense level prior to the adjustment for acceptance of responsibility. *See* U.S.S.G. § 3D1.3(a). The section 2K2.1(b)(6) enhancement would only be inapplicable in the circumstance where there is a conviction under 18 U.S.C. § 924(c). *See* U.S.S.G. § 2K2.4, app. note 4. Therefore, counsel was not ineffective for failing to advise Bass to plead guilty to both counts of the indictment.

**B.    Bass Has Not Shown Prejudice From Counsel's Performance**

For the same reasons that counsel was not ineffective for failing to make the arguments, Bass suffered no prejudice. As described above, all of the conceivable arguments that Bass's counsel could have made would have lacked merit. There is nothing that counsel could have done to have prevented Bass from receiving the four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), and therefore he cannot establish a claim of ineffective assistance of counsel.

**CONCLUSION**

For the reasons set forth above, Bass has failed to plead facts or present sufficient evidence or argument demonstrating that he is entitled to an evidentiary hearing, and his claims for relief

should be denied without such a hearing.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977);

*Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *United States v. Laetividal-Gonzalez*,

939 F.2d 1455, 1465 (11th Cir. 1991).

Respectfully submitted this 21st day of November, 2007.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Andrew O. Schiff
ANDREW O. SCHIFF
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36101-0197
(334) 551-1777
(334) 223-7135 (fax)
E-mail:  andrew.schiff@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK LEMUEL BASS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07cv887-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Patrick Lemuel Bass, Reg. No. 11872-002, Federal Correctional Complex, USP Coleman II - Unit G1,  P.O. Box 1034, Coleman, Florida 33521-1034.

Respectfully submitted,

/s/Andrew O. Schiff
ANDREW O. SCHIFF
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: andrew.schiff@usdoj.gov

APR 20 2005

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR. NO. 3:05 CR 112-A |
| ) | [18 USC 922(g)(1); |
| v. ) | 18 USC 924(a)(2); |
| ) | 18 USC 924(e); |
| PATRICK LEMUEL BASS ) | 21 USC 844(a)] |
| ) | |
| ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1

On or about February 7, 2004, in Lee County, within the Middle District of Alabama,

### PATRICK LEMUEL BASS,

defendant herein, having been convicted on or about the dates and in the courts set forth below of

the offenses set forth below, all felonies punishable by imprisonment for a term exceeding one year:

| CONVICTION DATE | COURT | CASE NUMBER | OFFENSE |
|---|---|---|---|
| March 26, 1990 | Circuit Court of the Third Judicial Circuit in and for Taylor County, Florida | 90-101-CF | Dealing in Stolen Property |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-446 | Distribution of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-447 | Possession/Receipt of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-448 | Possession of Marijuana (1st Degree) |

did knowingly possess in and affecting commerce a firearm, that is, a Jennings Firearms, Bryco 38,

.380 pistol, serial number 501139, in violation of Title 18, United States Code, Sections 922(g)(1),

924(a)(2), and 924(e).



GOVERNMENT'S EXHIBIT A

<u>COUNT 2</u>

On or about February 7, 2004, in Lee County, within the Middle District of Alabama,

PATRICK LEMUEL BASS,

defendant herein, did knowingly possess methamphetamine, a Schedule II Controlled Substance, in

violation of Title 21, United States Code, Section 844(a).

A TRUE BILL:

_____
Foreperson

_____
Andrew O. Schiff
Assistant United States Attorney

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:05cr112-WHA |
| | ) | |
| PATRICK LEMUEL BASS | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:                  CHRISTINE FREEMAN

ASSISTANT U.S. ATTORNEY:          ANDREW O. SCHIFF

## COUNT AND STATUTE CHARGED:

Count 1            18 U.S.C. § 922(g)(1)
                   Felon in possession of a firearm.

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Count 1            18 U.S.C. § 922(g)(1)

## PENALTIES BY COUNT – MAXIMUM PENALTY:

Count 1            18 U.S.C. § 922(g)(1)
                   NMT 10Y or
                   NMT $250,000 or both;
                   NMT 3Y SUP REL;
                   $100 AF;
                   VWPA.

                   IF CONVICTED UNDER 18 USC 924(e)(1)
                   (Armed Career Criminal)
                   NMT Life, NLT 15Y,
                   NMT $250,000, or both;
                   NMT 5Y SUP REL;
                   $100 Assessment Fee;
                   VWPA

GOVERNMENT'S
EXHIBIT
B

PENGAD 800-631-6989

## ELEMENTS OF THE OFFENSE:

### 18 U.S.C. § 922(g)(1)

First:      The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

Second:   Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

*********************************************************************************

Andrew O. Schiff, Assistant United States Attorney, and Christine Freeman, attorney for the

defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as

Amended, have, with the authorization of the undersigned defendant, heretofore entered into

discussions with a view towards reaching a pretrial conclusion of the charges pending in the

Indictment herein and a Plea Agreement has been reached by said parties. The plea is being

submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C),

and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the

defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the

Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty

plea may not be withdrawn.

### GOVERNMENT'S PROVISIONS

1.     Upon entering a plea of guilty by the defendant to the offense charged in Count 1 of

the Indictment, the attorney for the Government will do the following:

a.     The Government will agree that a 2-level reduction in the applicable offense

level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate,

so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct.

        b.      Because defendant timely notified authorities of his intention to enter a plea of guilty, the government will move for an additional one-level reduction in defendant's offense level. See U.S.S.G. § 3E1.1(b)(2).

        c.      The sentence of imprisonment in this case shall run concurrently to the sentence imposed with respect to any pending charges in Lee County, Alabama, Troop County, Georgia, or Meriweather County, Georgia, and his sentence on those charges shall not exceed 180 months.

        d.      In the event the defendant is being sentenced pursuant to 18 U.S.C. § 924(e), the government agrees that the appropriate sentence is a term of imprisonment of 180 months. Both parties reserve all arguments concerning the applicability of section 924(e).

        e.      In the event the defendant is being sentenced pursuant to 18 U.S.C. § 924(a)(2), the government agrees that the defendant shall, subject to the statutory maximum of 10 years imprisonment, be sentenced within the applicable guideline range. Except as provided in paragraph 1(a) and 1(b) of the government's provisions, both parties reserve all arguments with respect to the calculation of the offense level and the defendant's criminal history. However, neither the United States nor the defendant shall move for an upward or downward departure from the applicable guideline range or for a variance from the range pursuant to *Booker*.

        2.      At sentencing, the government will move to dismiss Count 2 of the indictment.

3.      The government reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

4.      The defendant agrees to plead guilty to Count 1 of the Indictment.

5.      The defendant agrees with the sentencing provisions set forth in paragraph 1 of the government's provisions.

6.      The defendant agrees to forfeit all firearms in his possession.

7.      The defendant agrees not commit any State, local or federal offenses.

### FACTUAL BASIS

8.      On or about February 7, 2004, in Lee County, the defendant, having been convicted on or about the dates and in the courts set forth below of the offenses set forth below, all felonies punishable by imprisonment for a term exceeding one year:

| CONVICTION DATE | COURT | CASE NUMBER | OFFENSE |
|---|---|---|---|
| March 26, 1990 | Circuit Court of the Third Judicial Circuit in and for Taylor County, Florida | 90-101-CF | Dealing in Stolen Property |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-446 | Distribution of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-447 | Possession/Receipt of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-448 | Possession of Marijuana (1st Degree) |

did knowingly possess in and affecting commerce a firearm, that is, a Jennings Firearms, Bryco 38, .380 pistol, serial number 501139.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

9.      Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

The government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the government appeals, the defendant may appeal or bring a post-conviction proceeding, on any ground.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

10.     The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.      The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b.      Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that

5

defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

      c.    The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

      d.    The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

      e.    The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f.    The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel,

6

which questions and answers would be recorded, that the answers may later be used against the

defendant in a prosecution for perjury or false statement if the answers are not truthful.

        g.     The Defendant further understands and advises the Court that the Plea

Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is

voluntary on the defendant's part and is not the result of any force or threats or of any promises apart

from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement

set forth herein is the result of prior discussions between the attorney for the government and the

attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

        h.     The defendant further advises the Court that the defendant's understanding

of this Plea Agreement is as set forth in this document.

        i.     The defendant further advises the Court that it is understood that the

government can only make a recommendation which is not binding on the Court, but if the sentence

imposed by the Court is more severe than the maximum sentence permitted by the plea agreement,

the defendant will have the right to withdraw his plea.

        j.     The defendant further advises the Court that the defendant understands and

has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the

crime charged in the Indictment herein, or of statements made in connection with and relevant to said

plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the

defendant. However, the defendant does understand that evidence of a statement made in connection

with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged

in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when

the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k.    The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

11.    The undersigned attorneys for the government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

12.    The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The

8

offense level or criminal history category, as calculated by the Probation Officer and determined by

the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This ____ day of June, 2006.                  Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

Andrew O. Schiff
Assistant U.S. Attorney
Deputy Chief, Criminal Division

9

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, CHRISTINE FREEMAN.

PATRICK LEMUEL BASS/DEFENDANT

Date

Christine Freeman
Attorney for Defendant

Date

10

◄AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<u>MIDDLE</u>    District of    <u>ALABAMA</u>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |

**PATRICK LEMUEL BASS**

Case Number:    3:05cr112-WHA

USM Number:    11872-002

<u>Christine Freeman</u>
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    1 of the Indictment on June 14, 2006

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Count</u> |
|---|---|---|---|
| 18:922(g)(1) & 924(a)(2) & 924(e) | Felon in possession of a firearm | 2/07/04 | 1 |

The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    2 of the Indictment    X is    ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>October 12, 2006</u>
Date of Imposition of Judgment

Signature of Judge

<u>W. Harold Albritton, Senior United States District Judge</u>
Name and Title of Judge

<u>10/12/06</u>
Date


GOVERNMENT'S
EXHIBIT
C
PENGAD 800-631-6989

AO 245B   (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __6__

DEFENDANT:       PATRICK LEMUEL BASS
CASE NUMBER:   3:05cr112-WHA

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**96 months**. This term is to run concurrently with any sentences Defendant receives on charges presently pending in Meriwether County, Georgia, and Lee County, Alabama with the federal sentence to begin after completion of the State sentences but with credit to be assessed against the federal sentence for time served on those pending charges in State custody.

X The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the Defendant be designated to a facility where intensive residential substance abuse treatment is available.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____ .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Case 3:05-cr-00112-WHA-SRW    Document 43    Filed 10/12/2006    Page 3 of 6

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  |  |  | Judgment—Page | 3 | of | 6 |

DEFENDANT:        PATRICK LEMUEL BASS
CASE NUMBER:      3:05cr112-WHA

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**three (3) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 3:05-cr-00112-WHA-SRW     Document 43     Filed 10/12/2006     Page 4 of 6

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page ___4___ of ___6___

DEFENDANT:        PATRICK LEMUEL BASS
CASE NUMBER:     3:05cr112-WHA

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in drug testing and treatment. Defendant shall contribute to the cost of any treatment based on ability to pay and availability of third party payments.

Defendant shall attend a court approved anger management program.

Defendant shall submit to a search of his person, residence, office or vehicle pursuant to the search policy of this court.

AO 245B    (Rev. 08/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page | 5 | of | 6 |
|---|---|---|---|---|

DEFENDANT:    PATRICK LEMUEL BASS
CASE NUMBER:    3:05cr112-WHA

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | 0 | $ | 0 |
|---|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement    $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

| | | Judgment — Page    6    of    6 |

DEFENDANT:        PATRICK LEMUEL BASS
CASE NUMBER:      3:05cr112-WHA

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    **X**    Lump sum payment of $ __100.00__    due immediately, balance due

     ☐    not later than _____ , or
     **X** _ in accordance    ☐ C,   ☐ D,   ☐    E, or    **X** F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    **X**    Special instructions regarding the payment of criminal monetary penalties:

     Payment shall be made to the Clerk, U. S. District Court, P. O. Box 711, Montgomery, AL 36101.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.