IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK LEMUEL BASS,          )
          Petitioner,          )
                              )
V.                            )Civil Action No.:3:07-cv-887-WHA
                              )(3:05-cr-00112)
UNITED STATES OF AMERICA,     )
          Respondent.          )

### PETITIONER'S REPLY TO RESPONDENT'S RESPONSE

COMES NOW, the Petitioner, Patrick Lemuel Bass, pro se,
in the above-styled cause, and files his reply to the govern-
ment's response.

1.   The government's response, and attachments, fail to
conclusively refute the claims presented in the petitioner's
2255 motion, or show that the petitioner is entitled to no
relief.

2.   The government's reponse recites incorrect facts on p.1.,
footnote 1., regarding the references to docketed entries
inside the response coming from petitioner's criminal case,
allegedly, case no. 2:04-cr-0112-WHA-SRW-ALL, which is not
the petitioner's criminal case no., neither is it listed in
the Indictment.(EXHIBIT "A", p. 1. of the response); and
(EXHIBIT "B", Indictment,case no. 3:05-cr-0112A).

3.   Next, the government misrepresents the claims raised in
ground one of petitioner's 2255 motion. See p.3, § II., of
the government's response that states:

"II.CLAIM RAISED IN THE 2255 MOTION

In his motion, Bass claims that it was

unlawful under UNTED STATES V. BOOKER,543

U.S. 220 (2005) for the district court to

apply the four-level enhancement pursuant to

U.S.S.G. § 5K2.1 (b)(6)...."

(See,**EXHIBIT "A"**, p. 3 of the government's response).

4.    Contrary to the government's above misrepresentation,
the petitioner's motion does not include a  claim  regarding
U.S.S.G. §5K2.1(b)(6); but rather,that **his attorney was
ineffective**" for failing to object to an unconstitutional four-
level sentence enhancement pursuant to U.S.S.G. § 2K2.1(b)(5).
(See **EXHIBIT "C"**, p. 3. petitioner's motion; and **EXHIBIT "D"**,
Attorneys Affidavit). The petitioner raised two distinct subissues
in ground one of his 2255 motion. First, that his counsel was
ineffective for failing to object to the misapplication of the
enhancement at sentencing; and secondly, on appeal.

5.    In section (a) of ground one, the petitioner gives his
supporting facts explaining that the sentencing enhancement
under §2K2.1(b)(5) was misapplied in his case and enhanced his
offense base level by four-levels for possessing a firearm
**"in connection with"** another felony offense, i.e., **"simple
possession"**, that was charged under 21 U.S.C. § 844(a).(**EXHIBIT
"B"**, Indictment).

6.    The petitioner's supporting facts further explain that he

2.

was never charged with, or convicted of the alleged felony
drug offense that the government based the four-level enhance-
ment upon. Nor did he ever admit to the alleged "in connection
with" felony drug offense. For the simple reason that the
drugs allegedly in petitioner's possession at the time of
his arrest were the subject of count 2 of the Federal Indict-
ment which did not include the amount of drugs, or any other
facts required to make this missdameanor charge under 844(a)
into a felony. (See:  **EXHIBIT "B")**.

7.    Even if the government could rely soley on Alabama
arrest reports on this drug possession, they could not pre-
vail whereas,  Alabama nol prossed the erroneous alleged drug
possession; and the federal government dismissed the count
2 misdameanor drug possession. Thus, the petitioner's sentence
was unconstitutionally enhanced for an uncharged and unadmitted
to felony offense, which is "a fact other than a prior
conviction", in violation of his 6th and 14th amendment rights
as announced in United States v. Booker, 543 U.S. 220, 160
L.Ed. 2d 621,650 (2005) citing Blakely v. Washington, 542 U.S.
296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004)in clarification
of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed 2d 403 (2000).

8.    In Booker, supra, the United States Supreme Court held
that the Federal Sentencing Guidelines as a mandatory guideline
system,violate the Sixth Amendment right to a trial by jury

3.

by enhancing a defendant's sentence based on judicially found
facts. The United States Court of Appeals for the 11th Circuit
reviews de novo a district court's interpretation and applicat-
ion of the Sentencing Guidelines. The Booker decision does not
alter the Guideline, only the standard by which the court reviews
the district court's sentence. And, although the district courts
are nolonger required to apply the range dictated by the
Sentencing Guidelines, they are obligated to consult and take
them into account when sentencing. And a misinterpretation of
the Guidelines by the court effectively means that the district
court has not properly consulted the Guidelines.

9.    The Fourteenth Amendment  Due Process Clause  and the
Sixth Amendment  notice and  jury trials  guarantees require
that tfacts  [other than  a  prior  conviction] that increase
the maximum penalty for a crime must be  included into the
Indictment,  submitted to a  jury and proved beyond a
reasonable doubt, or admitted to by the defendant, which did
not take place in this case. Therefore, the § 2K2.1 (b)(5)
four-level  enhancement in this case is  clear  error that
defense counsel  failed  to  object to at the sentencing
proceeding, or in a direct appeal as the petitioner asked her
to do  via a telephone call from the county jail on October
13th, 2006. This legal call should be  verifiable through the
jails phone records.

4.

10.    Moreover, defense counsel was ineffective for failing to
object to the four-level enhancement on the basis that the
government failed to meet its burden of proving that § 2K2.1
(b)(5) applied to the defendant. Whereas, there was no
evidence that the defendant was engaged in drug trafficking
as he was only charged with simple possession under 21 U.S.C.
§  844(a). And, that it was not reasonable to conclude that
the defendant possessed his weapon to protect such small
amount of the controlled substance from theft. Likewise,
it was also not reasonable to find that the presence of
the weapon "emboldened" him to possess a small user amount
of the alleged controlled substance. See: UNITED STATES
V. HODGE, 313 F. Supp. 2d 1283; 2004 U.S Dist. Lexis 6060
Ciminal Action No.: 3:03cr0144-T. The Hodge case is directly
on point with the petitioner's claim, and shows that defense
counsel's performance was deficient and fell below  the
prevailing norms. Whereas the Hodge case is out of the same
U.S. District Court as the petitioner's case; and Hodge
was represented by a federal public defender out of the
same Federal Public Defender's Office as petitioner's counsel
worked in. Hodge's counsel objected to "the § 2K2.1(b)(5)
four-level enhancement on the grounds that the government
Had not proved that he possessed the pistol "in connection
with" his simple drug possession. The  district  Court

5.

sustained the objection to the PSR's recomendation that
Hodge's offense level be enhanced pursuant to U.S.S.G. §
2K2.1(b)(5). The <u>Hodge</u> case was decided on April 9th,2004.
The petitioner was sentenced on October 12th, 2006. (See:
**EXHIBIT "E"**, <u>UNITED STATES v. HODGE</u>, 313 F. Supp. 1283
(M.D. Ala., Eastern Div. 2004).

11.   Even a cursory review of the <u>Hodge</u> case clearly shows
that defense counsel in petitioner's case should have objected
to the PSR's recomendation that his offense level be enhanced
pursuant to section 2K2.1(b)(5) on the same grounds and law
set forth and established in the <u>Hodge</u> case.

12.   The opinion in <u>Hodge</u> gives an excellent and detailed
explaination of when  § 2K2.1(b)(5) should be applied; the
"in connection with" requirement; the government's burden of
proof; and the legal basis and authorities the district court
relied on in sustaining defense counsel's objection. Including
the 11th Circuit Court of appeal's interpretation of the "in
connection with" requirement. <u>United States v. Florence</u>, 333
F.3d 1290,1294 (11th Cir. 2003)(the court can enhance defend-
ant's sentence only if the government proves by a preponderance
of the evidence that § 2K2.1 (b)(5) applies); and <u>United States
v. Saunders</u>, 318 F.3d 1257, 1267 (11th Cir. 2003)(the court's
inquiry into whether the 2K2.1(b)(5)"specific-offense charact-
eristic" properly applies is a fact-specific and fact-inten-
sive one). See also, <u>United states v. Wyatt</u>, 102 F.3d 241,247
(7th Cir. 1996)(Section 2K2.1(b)(5) does not apply where the

6.

firearms presence is merely coincidental). <u>United States v.</u>
<u>Fadipe</u>  43 F.3d 993 (5th Cir.1995); and <u>United States v.</u>
<u>Houston</u>, 364 F.3d 243 (5th Cir. 2002). Due to counsel's fail-
ure to object the petitioner was deprived of the district
court's "fact specific inquiry" and "careful consideration of
the facts".

13.    Had petitioner's attorney thoroughly researched the law
relevant to the  § 2K2.1(b)(5) ehancement she would have
discovered the Hodge case and raised the same objection in
petitioner's case. Relying on Hodge and the controlling
authorities cited therein as the "law of the case" and her
objection would have been sustained. The petitioner's base
level would not have been enhanced four levels pursuant § 2K2.1
(b)(5) and the petitioner would have received a shorter prison
sentence based on a properly calculated guideline range of
51 to 63 mo.s rather than the 96 mo. sentence he received
under the improperly enhanced guideline range of 77 to 96 mo.s

14.    In accordance with the plea agreement the court sentenced
the petitioner to what it erroneously believed to be the top
of the correctly caluated guideline range. Thus, by virtue
of the sentence originally imposed the record is clear that
the court intended for the petitioner to receive a guideline
sentence. Unfortunately, due to counsel's deficient performance
the petitioner received a longer prison sentence than he
would have, had counsel objected to the four-level sentence

7.

enhancement at sentencing, and/or on direct appeal, as the
petitioner asked her to do. (See: **EXHIBTT "E"**, and **EXHIBIT""F"**,
Unpublished opinions in <u>United States v. Lighthill</u>, No.04-3810
(8th Cir. submitted on June 7th,2005, and filed on June 27th,
2004); and  <u>United States v. Morales</u>, No. 04-3105,8th Cir.,
submitted on June 7th, 2005, and filed on June 9th, 2005).

<u>CONCLUSION</u>

In light of the foregoing facts and authorities, the
petitioner has met the two prong standard established in
<u>Strickland v. Washington</u>, 466 U.S. 694 by showing that:

(a)    Identified acts or omissions of his defense counsel fell
below the objective standard of reasonableness under the
prevailing norms of reasonable effective assistance of
counsel, and;

(b)    That counsel's deficient performance prejudiced him by
allowing the misapplication of the § 2K2.1(b)(5) enhancement
that increased his punishment to go uncontested at sentencing,
or on direct appeal, which resulted in petitioner receiving a
longer prison term than he otherwise would have. Thus, but
for counsel's errors and omissions there is a reasonable
probability that the outcome of the proceedings would have
been different where Bass would have  received a shorter
prison term absent the improper four-level  § 2K2.1(b)(5)
sentence enhancement.

Therefore, the petitioner was denied effective assistance

8.

of counsel at sentencing, and on direct appeal,and he is
entitled to the relief sought in his 2255 motion, i.e.,
resentencing absent the improper four-level § 2K2.1(b)(5)
ehancement. Or, in the alternative, be granted an evidentiary
hearing with appointment of conflict free counsel to repre-
represent him in this cause.

Respectfully submitted by:

*Patrick L Bass*

Patrick Lemuel Bass, pro se

## DECLARATION

UNDER PENALTY OF PERJURY, I declare that I have read the
foregoing reply and that the facts stated in it are true.

Executed on: March   th, 2008, by: *Patrick L Bass*

Patrick Lemuel Bass.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoin reply has been
furnished by U.S. First Class Mail to the respondent, Andrew
O. Schiff, Assistant U.S. Attorneys office, 131 Clayton
Street, Montgomery, Ala. 36101-0197, on this 24 , day of
March, 2008.

*Patrick L Bass*

Patrick Lemuel Bass,
Reg. # 11872-002,
Federal Corr. Complex-USP2,
P.O. Box 1034,
Coleman, Florida 33521-1034

9.

RICK LEMUEL BASS, #11872-002,
?al Correctional Complex,
Box 1034,
man, Florida 33521





DEBRA P. Hackett, District Clerk of Court,
Frank M. Johnson Jr. Federal Bldg.,
1 Church St. Suite B-100, 36104,
P.O. Box 711,
Montgomery, Alabama 36101



LEGAL MAIL TO THE U.S.D.C.
FOR THE MIDDLE DISTRICT OF ALABAMA
POSTED ON March 24           2008.

# EXHIBIT A

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK LEMUEL BASS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:07cv887-WHA |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## UNITED STATES'S RESPONSE TO § 2255 MOTION

COMES NOW the United States of America (the "Government") by and through its

attorneys, Leura G. Canary, United States Attorney, and Andrew O. Schiff, Assistant U.S. Attorney,

and in compliance with this Court's October 10, 2007 order for the Government to address Petitioner

Patrick Lemuel Bass's allegations of ineffective assistance of counsel, responds as follows:

## I.    PROCEDURAL HISTORY AND RELEVANT FACTS

Petitioner Patrick Lemuel Bass ("Bass") was originally charged by an Indictment returned

April 20, 2005. (Doc. 1[1]) Count 1 charged Bass with being a felon-in-possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1); count 2 charged simple possession of methamphetamine, in

violation of 21 U.S.C. § 844(a). On June 14, 2006, Bass pled guilty pursuant to a plea agreement

with the United States. (Doc. 33[2]) In the agreement, which was entered pursuant to Fed. R. Crim.

P. 11(c)(1)(C), Bass agreed to plead guilty to Count 1 of the Indictment and to a sentence within the

applicable Guideline Range. In exchange, the Government agreed (a) to a sentence within the

---

[1]The references to "Doc." are to the docketed entries from Bass's criminal case, criminal case
number 2:04-cr-00112-WHA-SRW-ALL. The Indictment is attached hereto as Exhibit A.

[2]The Plea Agreement is attached hereto as Exhibit B.

category VI. (Doc. 43[4])  Bass did not appeal.  However, he timely filed the instant proceeding on October 3, 2007.[5]

## II.    CLAIM RAISED IN THE § 2255 MOTION

In his motion, Bass claims that it was unlawful under *United States v. Booker*, 543 U.S. 220 (2005), for the district court to apply the four-level enhancement pursuant to U.S.S.G. § 5K2.1(b)(6) because Bass was not charged with felony narcotics distribution and did not admit the facts underlying the possession offense. Therefore, Bass claims that his counsel was ineffective for failing to object to the enhancement. As shown below, however, Bass cannot establish that his counsel was ineffective or that he suffered prejudice.

To succeed on a claim of ineffective assistance of counsel, Bass must prove both that his counsel's performance was deficient and that that deficient performance prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Bell v. Cone*, 535 U.S. 685, 697-98 (2002) (reaffirming the *Strickland v. Washington* standard for reviewing ineffective assistance of counsel claims).  More specifically, Bass must show that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness, and (2) his counsel's alleged errors or omissions prejudiced him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his sentencing would have been different.  *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).

---

[4]The judgment of conviction is attached as Exhibit C.

[5]Bass has the right to file this proceeding, since his waiver in the plea agreement of his right to collaterally attack the sentence excludes claims of ineffective assistance of counsel.

# EXHIBIT B

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

APR 20 2005

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CR. NO. 3:05 CR 112-A |
| v. | ) [18 USC 922(g)(1); |
| PATRICK LEMUEL BASS | ) 18 USC 924(a)(2); |
| | ) 18 USC 924(e); |
| | ) 21 USC 844(a)] |
| | ) |
| | ) INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about February 7, 2004, in Lee County, within the Middle District of Alabama,

PATRICK LEMUEL BASS,

defendant herein, having been convicted on or about the dates and in the courts set forth below of

the offenses set forth below, all felonies punishable by imprisonment for a term exceeding one year:

| CONVICTION DATE | COURT | CASE NUMBER | OFFENSE |
|---|---|---|---|
| March 26, 1990 | Circuit Court of the Third Judicial Circuit in and for Taylor County, Florida | 90-101-CF | Dealing in Stolen Property |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-446 | Distribution of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-447 | Possession/Receipt of Controlled Substance |
| September 10, 2001 | Circuit Court of Russell County, Alabama | 2001-448 | Possession of Marijuana (1st Degree) |

did knowingly possess in and affecting commerce a firearm, that is, a Jennings Firearms, Bryco 38,

.380 pistol, serial number 501139, in violation of Title 18, United States Code, Sections 922(g)(1),

924(a)(2), and 924(e).



GOVERNMENT'S
EXHIBIT
A

## COUNT 2

On or about February 7, 2004, in Lee County, within the Middle District of Alabama,

PATRICK LEMUEL BASS,

defendant herein, did knowingly possess methamphetamine, a Schedule II Controlled Substance, in

violation of Title 21, United States Code, Section 844(a).

A TRUE BILL:

_____
Foreperson

_____
Andrew O. Schiff
Assistant United States Attorney

2

# EXHIBIT C

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court , | Middle District of Alabama | |
|---|---|---|
| Name (under which you were convicted): PATRICK LEMUEL BASS | | Docket or Case No.: 3:05cr112-WHA |
| Place of Confinement: USP Coleman II | | Prisoner No.: 11872-002 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) PATRICK LEMUEL BASS | |
| v. | | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court for the Middle District of
   Alabama, Eastern Division, in Montgomery, Alabama

   (b) Criminal docket or case number (if you know): 3:05-CR-112-WHA

2. (a) Date of the judgment of conviction (if you know): ~~October 12, 2006~~ 6,14,2006

   (b) Date of sentencing: October 12, 2006

3. Length of sentence: 96 months

4. Nature of crime (all counts): Count 1 - Felon in Possession of a Firearm,
   18 USC §922(g)(1), guilty; Count 2 - Simple Possession
   of a Controlled Substance, 21 USC §844, misdemeanor dismissed.

   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑          (2) Guilty ☒          (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to? Pleaded guilty to Count 1
   and Count 2 was subsequently dismissed.

   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)  N/A  Jury ❑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑     No ☒

(1)

2. For this motion state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** <u>DEFENSE COUNSEL WAS INEFFECTIVE IN FAILING TO OBJECT TO UNCONSTITUTIONAL SENTENCE ENHANCEMENT AT SENTENCING OR ON DIRECT APPEAL.</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defendant's base offense level was enhanced four (4) levels pursuant to U.S.S.G. §2K2.1(b)(5) for possessing a firearm in "connection with another felony offense," i.e., "possession of 5.72 grams of methamphetamine (a felony)." See Presentence Investigation Report, ¶14. Defendant was never charged with, convicted of, nor admitted to any felony drug offense. In fact, the drugs allegedly in defendant's possession at the time of his arrest were the subject of Count 2 of the indictment, Simple Possession, a misdemeanor under 21 U.S.C. §844, which count was dismissed by the sentencing court. The enhancement of defendant's sentence for an uncharged and unadmitted felony offense violates <u>United States v. Booker</u>, 543 U.S. 220, 160 LEd2d 621, 650 (2005), and defendant is prejudiced by a 96-month sentence (offense Level 21, Criminal History Category VI), which is 33 months greater than the maximum sentence supported by the facts to which defendant admitted at his guilty plea hearing and at sentencing (Offense Level 17, Category VI, 51-63 month range).

*Page 3, paragraph (E) pursuant to post Booker plea agreement*

(b) **Direct Appeal of Ground One:**   N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**   N/A

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:_____

    Name and location of the court where the motion or petition was filed:_____

_____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

( 3 )

# EXHIBIT D

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **Civil Action No. 3:07-cv-887-WHA** |
| V. | ) | **(3:05-CR-00112)** |
| | ) | |
| PATRICK BASS | ) | |

### AFFIDAVIT

| | |
|---|---|
| STATE OF ALABAMA | ) |
| COUNTY OF MONTGOMERY | ) |

I, **CHRISTINE A. FREEMAN,** being duly sworn, states as follows:

1.    I am employed by the office of the Federal Defender for the Middle District

of Alabama.

2.    I was assigned as trial counsel for Patrick Bass, in Case No. 3:05-CR-00112.

3.    In Mr. Bass' Motion, filed on October 3, 2007, Mr. Bass alleges that his

counsel was ineffective because there was no objection to a four-level sentencing

enhancement for possessing a firearm "in connection with another felony offense," on the

basis of his possession of a controlled substance. (Motion, p. 3, Ground One.)

4.    It is correct that the possession of the controlled substance was the basis for the

misdemeanor drug possession in violation of 18 U.S.C. §844, charged in Count 2 in this

indictment; Count 2 was dismissed as a result of the plea agreement in this case.

5.    It is correct that no objection was lodged to this sentencing enhancement

imposed in calculating the sentence for the conviction on Count 1..

1

6.      The U.S. Court of Appeals for the Eleventh Circuit has upheld application of this sentencing enhancement under apparently similar circumstances, i.e., in possession with a personal use quantity of drugs. See *U.S. v. Wooten*, 2007 WL 330736 (November 8, 2007).

7.      It also appears that the Sentencing Guidelines intended the enhancement of a firearm sentence on the basis of a controlled substance violation to be restricted to "drug trafficking" offenses, and not mere possession of controlled substances. *See* United States Sentencing Guidelines (2006 ed.), § 2K2.1, Application Note 14 (B) ["Application When Other Offense is Burglary or Drug Offense" - noting that this enhancement applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia."]

8.      If Mr. Bass had pled guilty to both Count 1 and Count 2, it appears the conduct underlying Count 2 would not have been considered as a basis for a sentencing enhancement for the firearm offense in Count 1.   Rather, the guideline sentence for each count of conviction would have been separately determined, as directed in U.S.S.G. § 1B1.1(d), and the resulting two sentences would have been "grouped" and run concurrently, as directed in U.S.S.G. §3D1.2 (noting that offenses covered by guidelines U.S.S.G. §§ 2K2.1 and 2D1.1 are "grouped"), and no separate sentencing enhancement would have been imposed on Count 1 for the conduct covered by Count 2.

9.      Thus, Mr. Bass' total sentence may have been lower if he had pled to both Count 1 and Count 2.

2

Further Affiant saith not.

**CHRISTINE A. FREEMAN**

STATE OF ALABAMA          )
MONTGOMERY COUNTY    )

I, the undersigned authority, a Notary Public in and for said State of Alabama at Large, do hereby certify that **CHRISTINE A. FREEMAN,** whose name is signed to the foregoing Affidavit and who is known to me, acknowledged before me, on this day, that being informed of the contents of said instrument, she executed the same voluntarily, on the day the same bears date.

**GIVEN** under my hand and official seal this November 16, 2007.

**(SEAL)**

Notary Public
My Commission Expires: _6/5/2008_

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2007, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following: Andrew Schiff, Esq., Assistant United States Attorney, Montgomery, AL

36104.

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

4

# EXHIBIT E

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**UNITED STATES OF AMERICA v. MONTAY DECARLOS HODGE**
**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN**
**DIVISION**
313 F. Supp. 2d 1283;2004 U.S. Dist. LEXIS 6060
**CRIMINAL ACTION NO. 3:03cr0144-T**
**April 9, 2004, Decided**

**Disposition:** Objection to the pre-sentence investigation report was sustained .

**Counsel**                          For Montay Decarlos Hodge, Defendant: Federal Defender, Joseph Peter
Van Heest, LEAD ATTORNEYS, Middle District of Alabama, Montgomery, AL.
                          For United States of America, Plaintiff: Kent B. Brunson, LEAD
ATTORNEY, U.S. Attorney's Office, Montgomery, AL.
**Judges:** MYRON H. THOMPSON, UNITED STATES DISTRICT JUDGE.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant filed an objection to his presentence investigation report (PSR)
recommending that he receive an additional four offense levels under U.S. Sentencing Guidelines Manual
§ 2K2.1(b)(5) for possessing a firearm in connection with another felony offense.Court sustained
defendant's objection to four-level enhancement of his base offense level for possessing weapon, where
there was not evidence that he was engaged in drug trafficking, as he only possessed 4.43 grams of
marijuana at time of arrest.

**OVERVIEW:** After defendant was arrested on an outstanding warrant, 4.43 grams of marijuana were
found in his pants pocket, and a weapon and ammunition in his vehicle. Defendant pleaded guilty to 18
U.S.C.S. § 922(g)(1). Defendant's PSR recommended that he receive a four-level enhancement under
U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) for possession of a firearm in connection with the
marijuana possession. The court sustained defendant's objection to the enhancement, holding that the
government failed to meet its burden of proving that § 2K2.1(b)(5) applied to defendant. There was no
evidence that defendant was engaged in drug trafficking, as he only had 4.43 grams of marijuana on him
and he was only charged with simple possession under 21 U.S.C.S. § 844(a). It was not reasonable to
conclude that defendant possessed his weapon to protect such a small amount of marijuana against theft.
It was also not reasonable to find that the presence of the weapon in his vehicle "emboldened" him to
possess a small amount of marijuana.

**OUTCOME:** The court sustained defendant's objection to his PSR's recommendation that his offense
level be enhanced.

**LexisNexis Headnotes**

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*

1YKCASES                                    1

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to
the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*International Trade Law > General Overview*

See 18 U.S.C.S. § 922(g)(1).

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Trafficking > Elements*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Use > Commission of Another Crime*
*> Penalties*
*Criminal Law & Procedure > Sentencing > Adjustments*

See U.S. Sentencing Guidelines Manual § 2K2.1(b)(5).

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Possession > General*
*Overview*
*Criminal Law & Procedure > Criminal Offenses > Controlled Substances > Possession > Simple*
*Possession > Penalties*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*

A court can enhance a defendant's sentence only if the government proves by a preponderance of the evidence that U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) applies. The court's inquiry into whether the § 2K2.1(b)(5) "specific-offense characteristic" properly applies is a fact-specific and fact-intensive one.

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > Elements*
*Criminal Law & Procedure > Sentencing > Adjustments*

A minority of circuits has analogized U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) to U.S. Sentencing Guidelines Manual § 2D1.1(d)(1), and has adopted a broader reading of the "in connection with" requirement. Section 2D1.1(b)(1) provides a two-offense-level enhancement to defendants convicted of drug offenses if a dangerous weapon (including a firearm) was possessed. The commentary to § 2D1.1(b)(1) states that it should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. § 2D1.1(l), comment. (n.3). Thus, under the minority view, § 2K2.1(b)(5) presumptively applies whenever the defendant possesses the firearm at the same time he commits another felony.

1YKCASES                                   2

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > Penalties*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Criminal History > Three Strikes*

The Eleventh Circuit Court of Appeals has rejected the majority interpretation of "in connection with," as used in U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) but without adopting the minority view. The court was called upon to interpret the phrase "in connection with" as it appears in U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(A), the sentencing guideline applicable to defendants adjudged to be "armed career criminals" under 18 U.S.C.S. § 924(e). The Young court interpreted "in connection with" according to its ordinary and natural meaning and found that the term should be read quite expansively. In so doing, the court specifically rejected the "facilitated or potentially facilitated" interpretation adopted by the majority of appellate courts considering the phrase as it appeals in U.S. Sentencing Guidelines Manual § 2K2.1(b)(5). Although Young's holding was limited to the "armed career criminal" guideline, subsequent Eleventh Circuit decisions have relied on Young to reject the majority interpretation of § 2K2.1(b)(5).

*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Criminal Offenses > Weapons > Possession > General Overview*
*Criminal Law & Procedure > Sentencing > Adjustments*
*Criminal Law & Procedure > Sentencing > Guidelines*

Whether a "specific-offense characteristic" applies should be determined by careful consideration of the facts before the court. The categorical approach is also inconsistent with both the minority and minority interpretations of the "in connection with" language, for, under both interpretations, there is room for differing factual inferences; if the Sentencing Commission wanted U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) to apply categorically whenever drugs and guns are present, it could have easily said so.

## Opinion

**Opinion by:**          MYRON H. THOMPSON

## Opinion

{313 F. Supp. 2d 1284} Defendant Montay Decarlos Hodge, a convicted felon, pleaded guilty to possessing a firearm in violation of 18 U.S.C.A. § 922(g)(1). Hodge is currently before the court for sentencing. In its pre-sentence investigation report, the United States Probation Office recommended that Hodge receive an additional four offense levels pursuant to U.S.S.G. § 2K2.1(b)(5) because he possessed the firearm "in connection with another felony offense," namely possession of 4.43 grams of marijuana. Hodge objects that the § 2K2.1(b)(5) "specific-offense characteristic" is inapplicable. For the reasons given below, the court holds that the government has not met its burden of proving that §

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2K2.1(b)(5) applies.

Hodge was arrested on February 13, 2002, following an altercation with police officers at the Goo Goo Car Wash in Opelika, Alabama. Officer Denise Ingram of the Opelika Police Department responded to a complaint about loud music at the car wash, and, when she arrived, she encountered Hodge cleaning his car's engine. When Ingram approached, Hodge got in his car and sat in the driver's seat. At that point, Ingram recognized Hodge from a photograph posted in the police department's briefing room; Hodge had an outstanding warrant for failing to appear and for resisting arrest. Hodge began to back his car out of the car wash, but, by that time, another officer--Officer Converse--had blocked Hodge's car's path with his patrol car. Hodge got out of his car and walked to the front of the car; he then returned to the driver's side of the car, reached into the car, turned down the volume on the radio, and removed the ignition key. He then locked the car.

Officer Ingram attempted to get Hodge's attention, but he did not respond. She then touched him on the arm and asked him what he was doing. Hodge quickly lifted his arm, and a struggle ensued between Hodge and Officers Ingram and Converse. Hodge was not subdued until two additional officers arrived. Officers Ingram and Converse smelled alcohol on Hodge's breath.

After Hodge was put in custody, the police officers conducted a search of his {313 F. Supp. 2d 1285} car and found the following: a loaded 9mm pistol under the driver's seat; a loaded 9mm magazine containing 15 rounds of ammunition in the glove box; and one box of 9mm cartridges containing seven live rounds under the driver's seat. After Hodge was taken to the Opelika City Jail, the officers found a clear plastic bag containing 4.43 grams of marijuana in his rear pants pocket.

A two-count indictment was filed on July 25, 2003, charging Hodge with one count of violating 18 U.S.C.A. § 922(g)(1), 1 the 'felon-in-possession' statute, and one count of possession of a controlled substance in violation of 21 U.S.C.A. § 844(a), the 'simple possession' statute. On October 7, 2003, Hodge pleaded guilty to the § 922(g)(1) count.

In its revised presentence-investigation report, the United States Probation Office calculated Hodge's total-offense level at 15. The base-offense level in Hodge's case is 14, U.S.S.G. § 2K2.1(a)(6), and the Probation Office found that Hodge should receive a four-level-offense enhancement based on the specific-offense characteristic in U.S.S.G. § 2K2.1(b)(5), which reads:

> "If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than 18, increase to level 18."The Probation Office applied the specific-offense characteristic because Hodge possessed the firearm "in connection with" possession of the marijuana found in his back pocket. The Probation Office then recommended that he receive a three-level downward adjustment for acceptance of responsibility. U.S.S.G. § 3E1.1(a) & (b).

Hodge objects to the § 2K2.1(b)(5) four-offense-level enhancement on the ground that the government has not proved that he possessed the pistol "in connection with" his possession of marijuana. The court is guided in its assessment by two non-controversial propositions. First, the court can enhance Hodge's sentence only if the government proves by a preponderance of the evidence that § 2K2.1(b)(5) applies. *United States v. Florence,* 333 F.3d 1290, 1294 (11th Cir. 2003). Second, the court's inquiry into whether the 2K2.1(b)(5) "specific-offense characteristic" properly applies is a fact-specific and fact-intensive one. Cf. *United States v. Saunders,* 318 F.3d 1257, 1267 (11th Cir. 2003) (determining whether U.S.S.G. § 2B6.1(b)(2) applies depends on totality of circumstances); *United States v. Morris,* 286 F.3d 1291, 1296 (11th Cir. 2002) (determining what constitutes "position

1YKCASES                                                    4

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

of trust" within in meaning of U.S.S.G. § 3B1.3 is highly dependent on specific facts of each situation).

**{313 F. Supp. 2d 1286}** A.

As this court has discussed previously, *United States v. Hunter,* 980 F. Supp. 1439, 1447 (M.D. Ala. 1997) (Thompson, J.), there is a split among the Courts of Appeals as to how to interpret § 2K2.1(b)(5). The majority of appellate courts has held that the phrase "in connection with" in § 2K2.1(b)(5) should be read in the same way as the United States Supreme Court in *Smith v. United States,* 508 U.S. 223, 237-38, 113 S. Ct. 2050, 2058-59, 124 L. Ed. 2d 138 (1993), read the phrase "in relation to" as it appears in 18 U.S.C.A. § 924(c)(1), which requires the imposition of specified penalties if the defendant, "during and in relation to any crime of violence or drug trafficking crime[,] uses or carries a firearm." *United States v. Spurgeon,* 117 F.3d 641, 644 (2d Cir. 1997); *United States v. Wyatt,* 102 F.3d 241, 247 (7th Cir. 1996); *United States v. Nale,* 101 F.3d 1000, 1004 (4th Cir. 1996); *United States v. Thompson,* 32 F.3d 1, 7 (1st Cir. 1994); *United States v. Routon,* 25 F.3d 815, 818 (9th Cir. 1994). Under this interpretation, the § 2K2.1(b)(5) enhancement properly applies when the government proves that "the weapon facilitated or potentially facilitated the felonious conduct." *Nale,* 101 F.3d at 1004. The enhancement does not apply "where the firearm's presence is merely coincidental." *Wyatt,* 102 F.3d at 247.

A minority of circuits has analogized § 2K2.1(b)(5) to U.S.S.G. § 2D1.1(d)(1), and has adopted a broader reading of the "in connection with" requirement. *United States v. Regans,* 125 F.3d 685, 687 (8th Cir. 1997); *United States v. Condren,* 18 F.3d 1190, 1197 (5th Cir. 1994). Section 2D1.1(b)(1) provides a two-offense-level enhancement to defendants convicted of drug offenses "if a dangerous weapon (including a firearm) was possessed." The commentary to § 2D1.1(b)(1) states that it "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(l), comment. (n.3). Thus, under the minority view, § 2K2.1(b)(5) presumptively applies whenever the defendant possesses the firearm at the same time he commits another felony.

The Eleventh Circuit Court of Appeals has rejected the majority interpretation of "in connection with," but without adopting the minority view. In *United States v. Young,* 115 F.3d 834 (11th Cir. 1997), the court was called upon to interpret the phrase "in connection with" as it appears in U.S.S.G. § 4B1.4(b)(3)(A), the sentencing guideline applicable to defendants adjudged to be "armed career criminals" under 18 U.S.C.A. § 924(e). 2 The *Young* court interpreted "in connection with" according to its "ordinary and natural meaning" and found that the term should be read "quite expansively." *Young,* 115 F.3d at 837. In so doing, the court specifically rejected the "facilitated or potentially facilitated" interpretation adopted by the majority of appellate courts considering the phrase as it appears in § 2K2.1(b)(5). *Id.* at 838. Although Young's holding was limited to **{313 F. Supp. 2d 1287}** the "armed career criminal" guideline, subsequent Eleventh Circuit decisions have relied on *Young* to reject the majority interpretation of § 2K2.1(b)(5). *E.g. United States v. Rhind,* 289 F.3d 690, 695 (11th Cir. 2002).

B.

This court finds that, even under the more expansive, minority view, the government has not, in the court's assessment of the evidence, carried the burden of proving that § 2K2.1(b)(5) applies. The court reaches this conclusion after an independent assessment of the facts of this case and after an instructive, but not determinative, comparison of the facts of this case with those set forth in decisions of the Eleventh Circuit and the trial courts within the Eleventh Circuit that have directly addressed whether § 2K2.1(b)(5)--and other specific-offense characteristics that use the same "in connection with" language--should apply to defendants who simultaneously possessed a firearm and some other contraband.

1YKCASES                                       5

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

In reviewing the Eleventh Circuit cases that have upheld lower-court decisions regarding whether § 2K2.1(b)(5) should be applied, this court has been mindful that the appellate court was acting in a deferential capacity as to the lower courts' findings of facts; in other words, the appellate court was not necessarily saying that a factual record would support *only* the ultimate factual conclusion reached by the district court but rather the record could reasonably support it. The appellate court was not necessarily saying that a court, faced with the same evidence, could not reach a contrary ultimate factual conclusion. Thus, subject to the clearly erroneous rule, an appellate court's upholding of a factual conclusion based on certain evidence would no more be binding on a trial court facing the same evidence than it would be on a jury (that would not have had the benefit of the appellate court's view on the adequacy of facts) hearing the same evidence. Otherwise, there would be the arbitrary result that the ultimate factual conclusion (which arguably could go either way) of the trial court, whose case was first to reach, and be upheld by, the appellate court on the adequacy-of-the-evidence issue, would be binding on all other trial courts confronted with the same facts.

As stated, this court has considered two appellate cases in applying the minority view of § 2K2.1(b)(5). These case have two things in common. First, they involve more than simple illegal possession, and, second, the decisions in the cases cite the defendants' potential use of the firearms to protect themselves or their contraband as the connection between the firearm and the illegal possession. 3

In *Rhind,* the Eleventh Circuit affirmed that § 2K2.1(b)(5) applied to a group of defendants who were arrested for producing and passing counterfeit bills. At the time of the defendants' arrest, officers searched their car and found a pistol under the back seat and an unloaded shotgun, a {313 F. Supp. 2d 1288} color printer, and counterfeit money in the trunk. 289 F.3d at 692. The court reasoned that "the mere availability and appearance of the firearms could have served to promote the defendants' prolonged criminal episode." *Id.* at 695. The court also wrote that "it would be reasonable to conclude that the presence of the firearms protected the counterfeit money from theft during the execution of the felony." *Id.*

In *Hunter,* this court held that § 2K2.1(b)(5) applied to a defendant who pleaded guilty to one § 922(g)(1) count and four counts of possessing with intent to distribute various controlled substances in violation of 21 U.S.C.A. § 841(a) (1). The gun at issue was found in a room at the defendant's house, where the police also found "hundreds of plastic bags commonly associated with drug transactions, a jar containing a substance that may be used to 'cut,' or dilute, drug aliquots to increase their volume, and records of drug transactions." 980 F. Supp. at 1441. Based on "the presence of both the guns and the instrumentalities of drug trafficking in the same room of Hunter's residence" and the fact that the gun was in the same dresser as the plastic bags and records, this court held that the gun "at least potentially facilitated Hunter's drug-distribution activities". *Hunter,* 980 F. Supp. at 1448. This court also wrote that "Hunter would have been comforted by the knowledge that he enjoyed easy access to the loaded weapon[] should any perceived need to defend himself or otherwise further his felonious activities arise." *Id.*

Hodge's case is distinguishable. First, in both *Rhind* and *Hunter,* the defendants were engaged in more than simple possession of contraband. The defendants in *Rhind* were producing counterfeit bills, and the defendant in *Hunter* was dealing drugs. There is no evidence that Hodge was engaged in drug trafficking. Indeed, he had only 4.43 grams of marijuana, and he was only charged with simple possession under § 844(a). Second, in both *Rhind* and *Hunter,* the courts' rationale for applying the enhancement was that the firearm would be used to protect the defendants' contraband. This is reasonable when the defendants are making counterfeit money or distributing drugs: they are dealing with customers and suppliers, and money is changing hands, both of which raise the real possibility of theft or other violence. It is not reasonable, however, to conclude that Hodge possessed his pistol to

1YKCASES                                           6

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

protect less than four-and-a-half grams of marijuana.

The same pattern of facts and reasoning appears in the cases in which the Eleventh Circuit has applied two analogous guideline provisions. In *United States v. Rodriguez-Matos,* 188 F.3d 1300 (11th Cir. 1999), the defendant was convicted of making, possessing, and selling counterfeit money, and the court upheld the district court's application of § 2B5.1(b)(3), 4 which increases a defendant's offense level by two "if a dangerous weapon (including a firearm) was possessed in connection with the offense." The defendant was arrested after a high-speed chase that began when police attempted to arrest him after observing him sell fake currency to a confidential informant; during the chase, the defendant threw a pistol out his car window. 188 F.3d at 1302. The court held that "it is reasonable to conclude here that [the defendant] possessed the pistol to prevent theft during a close, face-to-face, hand-to-hand encounter with a person he apparently did not know well." *Rodriguez-Matos,* 188 F.3d at {313 F. Supp. 2d 1289} 1309. Again, Hodge's case is distinguishable: there is no evidence he was involved in any sales of marijuana, and thus it would not be "reasonable to conclude here that [he] possessed the pistol to prevent theft." *Id.*

Finally, in *United States v. Gainey,* 111 F.3d 834, 837 (11th Cir. 1997), the court upheld the application of U.S.S.G. § 4B1.4(b)(3)(A), which increases the offense level for "armed career criminals" if they "used or possessed the firearm or ammunition in connection with either a crime of violence . . . or a controlled substance offense." As with the cases discussed above, the defendant in *Gainey* was engaged in drug distribution. He was arrested with 55 capsules of heroin and nearly $ 400 in cash, and he was ultimately convicted of possession with the intent to distribute. 111 F.3d at 837. The court's rationale again focused on the defendant's distribution activities: "the presence of the gun potentially emboldened Gainey to undertake illicit drug sales." *Id.* In Hodge's case, it is not reasonable to find that the presence of a pistol under the seat of his car "emboldened" him to possess a small amount of marijuana.

There are a couple of cases from outside Eleventh Circuit which have held that § 2K2.1(b)(5) applies to defendants who possessed, along with a firearm, only a very small amount of drugs, that is, an amount consistent with personal use. In *United States v. Condren,* 18 F.3d 1190 (5th Cir. 1994), the Fifth Circuit Court of Appeals affirmed the application of the offense characteristic to a defendant who was arrested in his bedroom where the police found .1 gram of crack cocaine and 33.3 grams of marijuana seeds on his desk and a .22 caliber revolver in a locked drawer. The court specifically rejected the argument that § 2K2.1(b)(5) should not apply because of the small amount of drugs. 18 F.3d at 1199. The court's rationale in deciding that offense characteristic applied, however, was very similar to the one in the Eleventh Circuit cases cited above: the defendant could have used the guns to protect himself and his drugs from threats arising out of his distribution activities. *Id.* at 1198-99 ("it must be kept in mind that [the defendant] was actively involved in distributing cocaine; it would be more than reasonable to infer that he would know . . . that other persons would know . . . that he kept drugs in his home, and that he would be concerned that those persons might seek to steal them"); *see also id.* at 1200 (the gun "was readily available to him to protect his drug-related activities").

In *United States v. Regans,* 125 F.3d 685 (8th Cir. 1997), the Eighth Circuit Court of Appeals upheld application of § 2K2.1(b)(5) to a defendant who was arrested with a .22 caliber pistol and .29 grams of heroin on his person. In response to the defendant's argument that the enhancement should not apply to him because he possessed only enough heroin for personal use, the court began by stating that the enhancement is based in part on the "the increased risk of violence whenever guns are in the possession of persons engaged in committing drug felonies." 125 F.3d at 686. The court then wrote that "when a firearm is carried during a drug offense, including a possession-for-use offense, the drug felon has the ability to use the weapon in connection with his drug offense" because "theft is a close and ever present partner of illegal drugs." *Id.* The court concluded that "there are many ways in which

1YKCASES                                      7

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

the weapon {313 F. Supp. 2d 1290} can facilitate the drug offense and dangerously embolden the offender." *Id.* at 687.

The court is not persuaded by *Condren* and *Regans* that § 2K2.1(b)(5) applies to Hodge. First, the facts of *Condren* are more closely analogous to *Rhind* and *Hunter* than to those in this case because the *Condren* defendant "was actively involved in distributing cocaine." 18 F.3d at 1198. Thus, the inference that the defendant possessed his gun to protect himself from theft by people to whom he sold drugs, which was reasonable to the Fifth Circuit, is not reasonable in this case. There is no evidence that Hodge was selling drugs such that he had to be concerned about theft.

Second, while the facts of *Regans* are more analogous to the present case, the court is not persuaded by the Eighth Circuit's reasoning. That court's conclusion that there was a connection between the defendant's gun and his drugs was based on the assumption that drugs and violence always go together. In other words, the court based its conclusion that the required nexus existed between the defendant's gun and his drugs not on the facts of the case but on the assumption that the two always go together. This court was willing to rely on this assumption when there was evidence of drug dealing, *Hunter,* 980 F. Supp. at 1448, but it is not willing to do so where there is only evidence of personal use.

Further, Regans's reasoning results in essentially a categorical rule that whenever a defendant possesses both a gun and drugs, whatever the amount, § 2K2.1(b)(5) will apply. This is inconsistent with the requirement that the government *prove* a connection between a gun and drugs by a preponderance of the evidence. *Florence,* 333 F.3d at 1294. Such a categorical rule is also inconsistent with the requirement that the court's inquiry should be fact-specific. *See Saunders,* 318 F.3d at 1267; *Morris,* 286 F.3d at 1296. Whether a "specific-offense characteristic" applies should be determined by careful consideration of the facts before the court. The categorical approach is also inconsistent with both the minority and minority interpretations of the "in connection with" language, for, under both interpretations, there is room for differing factual inferences; if the Sentencing Commission wanted § 2K2.1(b)(5) to apply categorically whenever drugs and guns are present, it could have easily said so.

Finally, and perhaps most significantly, common sense dictates that Hodge did not have the gun "in connection with" the small amount of marijuana found on him. While marijuana for even personal use is illegal, its prevalence, including even local legalization in some areas of the country, and the ease with which it can be obtained are common knowledge; in a small, individual personal-use amount, it is simply not the type of drug, absent other inculpating circumstances, for which one would need to be armed to protect it or one's self. The court emphasizes, however, that it does not hold that § 2K2.1(b)(5) can *never* apply when a defendant possesses only enough drugs for personal use; the guideline's application would depend on, among other things, the type of drug, the amount, whether the defendant had other drug habits, and the circumstances under which the defendant was using the drug.

The court is well aware of the frequent connection between drugs and guns. However, the court is not convinced in this case that Hodge's illegal possession of his {313 F. Supp. 2d 1291} gun was "in connection with" his possession of marijuana. The court, therefore, holds that § 2K2.1(b)(5) does not apply to him, and the court will thus sustain his objection to the pre-sentence investigation report.

Hodge will be sentenced in accordance with this opinion.

DONE, this the 9th day of April, 2004.

/s/ Myron H. Thompson

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

UNITED STATES DISTRICT JUDGE

## Footnotes

1

Section 922(g)(1) provides that

"It shall be unlawful for any person--who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."Hodge was convicted of a crime punishable by a term of imprisonment exceeding one year on or about December 3, 1998, in the Circuit Court of Lee County, Alabama.

2

An "armed career criminal" is a defendant who is convicted under 18 U.S.C.A. § 922(g) and who "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924 (e). Section 4B1.4(b)(3)(A) provides that the offense level for an armed career criminal shall be no less than 34 "if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence . . ., or a controlled substance offense . . ., or if the firearm possessed by the defendant was of a type described in 26 U.S.C.A. § 5845."

3

The Eleventh Circuit has also upheld the application of § 2K2.1(b)(5) to defendants who actively used or attempted to use the firearm that they illegally possessed in the commission of another felony. *United States v. Jackson,* 276 F.3d 1231, 1234-35 (11th Cir. 2001) (defendant reached for hidden gun while resisting arrest); *United States v. Whitfield,* 50 F.3d 947, 949 (11th Cir. 1995) (burglary defendant threatened victim's neighbor with stolen gun during his escape and lay in wait for police with the gun concealed).

These cases are not applicable because there is no allegation that Hodge actively used or attempted to use his pistol.

4

This specific-offense characteristic is now found at § 2B5.1(b)(4).

1YKCASES                    9

© 2008 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# EXHIBIT F

© 2007 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 04-3810

---

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Allen Lighthill, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

---

Submitted: June 20, 2005
Filed:  June 27, 2005

---

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and COLLOTON,
Circuit Judges.

---

PER CURIAM.

Michael Allen Lighthill pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The Presentence Investigation Report (PSR) recommended that the court impose a four-level sentencing enhancement under the then-mandatory Guidelines because Lighthill possessed the firearm in connection with a felony drug offense, based on evidence that Lighthill was arrested with the firearm in a car stocked with methamphetamine, methamphetamine precursors, and drug paraphernalia. See U.S.S.G. § 2K2.1(b)(5). In the district court, Lighthill objected to the enhancement and to the pertinent factual

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3810

United States of America,

    Plaintiff - Appellee,

    v.

Michael Allen Lighthill,

    Defendant - Appellant.

\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* **[UNPUBLISHED]**
\*
\*

Submitted: June 20, 2005
Filed:  June 27, 2005

Before LOKEN, Chief Judge, MORRIS SHEPPARD ARNOLD and COLLOTON,
Circuit Judges.

PER CURIAM.

    Michael Allen Lighthill pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). The Presentence Investigation Report (PSR) recommended that the court impose a four-level sentencing enhancement under the then-mandatory Guidelines because Lighthill possessed the firearm in connection with a felony drug offense, based on evidence that Lighthill was arrested with the firearm in a car stocked with methamphetamine, methamphetamine precursors, and drug paraphernalia. See U.S.S.G. § 2K2.1(b)(5). In the district court, Lighthill objected to the enhancement and to the pertinent factual

statements in the PSR. He also argued that the enhancement would be unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004), because the facts underlying the enhancement were neither admitted nor charged in the indictment. The district court overruled these objections and imposed the enhancement, which increased Lighthill's applicable Guidelines range from 51 to 63 months in prison to 77 to 96 months in prison. The court sentenced Lighthill to 77 months in prison, the bottom of the applicable mandatory range.

On appeal, Lighthill argues that the district court violated his Sixth Amendment rights under Blakely, a claim governed by the Supreme Court's supervening decision in United States v. Booker, 125 S. Ct. 738 (2005). Sentencing Lighthill under the mandatory Guidelines regime then in effect was error under Booker. United States v. Pirani, 406 F.3d. 543, 548-49 (2005). As Lighthill preserved this claim in the district court, the government must prove that the error was harmless. United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005).

The government argues that Lighthill forfeited his Blakely claim by failing to argue that the district court should not treat the Guidelines as mandatory. This argument is foreclosed by our controlling en banc decision in Pirani, 406 F.3d at 550. The government further argues that there was no Sixth Amendment error because Lighthill did not "seriously dispute" the facts underlying the enhancement, making the district court's findings of fact on the issue "essentially uncontradicted." As we explained in Pirani, this argument, even if true, does not eliminate the Booker error.

The government's post-Booker brief made no attempt to argue that the Booker error was harmless, and after careful review of the sentencing record, we are unable to conclude that the error was harmless. Accordingly, the sentence is vacated, and the case is remanded for resentencing in light of United States v. Booker.

-2-

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3105

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | *   Appeal from the United States |
| | *   District Court for the |
| Ramon T. Morales, | *   Southern District of Iowa. |
| | * |
| Appellant. | *   [UNPUBLISHED] |

Submitted:  June 7, 2005
Filed:  June 9, 2005

Before SMITH, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Ramon Morales appeals the sentence the district court imposed after he pleaded guilty to firearms charges.  We reverse.

Morales pleaded guilty to being a felon in possession of a firearm and to possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(g)(1), (k), and 2.  Morales disputed the recommended imposition of two sentencing enhancements: a 2-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) because Morales had possessed three firearms, and a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) because Morales had possessed the firearms in connection



with another felony offense. He argued that neither enhancement could be imposed absent a finding by a jury, relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), and also argued that the 4-level enhancement was not supported by the evidence. The district court overruled Morales's objections, finding that Morales had admitted at his change-of-plea hearing that he possessed the third firearm, and finding that Morales had possessed the firearms in connection with another felony offense. The court sentenced Morales to 84 months in prison on the felon-in-possession charge, to a concurrent 60 months in prison (the statutory maximum) on the serial-number-obliteration charge, and to concurrent 2-year terms of supervised release. On appeal, Morales reiterates his Blakely argument.

Morales's Blakely argument in the district court preserved the argument that the enhancements violated his constitutional rights as enunciated in United States v. Booker, 125 S. Ct. 738, 756 (2005) ("[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (arguing Blakely error in district court preserves argument that Booker error occurred). Because it is undisputed that Morales did not admit to using the firearms in connection with another felony offense, the basis of the 4-level enhancement, we vacate his sentence and remand for resentencing in accordance with Booker. See United States v. Adams, 401 F.3d 886, 900 (8th Cir. 2005) (reversing and remanding where defendant preserved Sixth Amendment issue for review). We need not otherwise address the propriety of the district court's Guidelines calculations at this time. See United States v. Huber, 404 F.3d 1047, 1063 (8th Cir. 2005) (because on remand district court will "be operating under a new sentencing regime," declining to address arguments regarding improper Guidelines calculations; consideration of objections to district court's original Guidelines calculations would be premature).

-2-