IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICK LEMUEL BASS,                )
                                    )
            Petitioner,             )
                                    )
vs.                                 )       CIVIL ACTION NO. 3:07cv887-WHA
                                    )                  (WO)
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

### <u>MEMORANDUM OPINION AND ORDER</u>

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #31), entered on September 25, 2008, and the Objection (Doc. #32), filed by the Petitioner on October 7, 2008.

Having conducted an independent evaluation and *de novo* review of this case in its entirety, including reading the transcript (Doc. #33) of the evidentiary hearing held before the Magistrate Judge on June 17, 2008, the court finds the objection to be without merit, and it is hereby overruled.

Bass, through counsel, objects chiefly to the Magistrate Judge's conclusion that there was ample evidence to support application of the U.S.S.G. § 2K2.1(b)(6) enhancement (for possessing the gun "in connection" with a felony offense) so that his counsel's failure to object to the enhancement was neither professionally unreasonable nor prejudicial to Bass.

In objecting, Bass suggests that it is necessary, in cases involving drugs, for the predicate felony offense to be *drug trafficking*. However, nothing in § 2K2.1(b)(6) limits the predicate felony in such cases to drug trafficking. Nor is it necessary that the defendant be convicted of

the predicate felony or that he even be charged with the predicate felony.  Application Note 14(C) for 21 2K2.1(b)(6) defined "felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained*.  (Emphasis added.)  Thus, the court may look to the nature of the conduct underlying the predicate felony offense.

As indicated in the Magistrate Judge's Recommendation, under the facts described in Bass's Presentence Report, Bass possessed the firearm contemporaneously to, and in proximity with, a set of digital scales, $795 in cash, three pocket knives, a zip-lock bag containing a pipe, and a plastic bag containing 5.72 grams of methamphetamine.  His possession of the firearm along with the methamphetamine, scales, and a large amount of cash was sufficient to establish that his possession of the weapon was "in connection with" a drug offense.

In his Objection, Bass attempts to distinguish the facts of his case from those in the cases cited by the Magistrate Judge in the Recommendation.   While the facts in the cited cases are certainly not identical to those in Bass's case, the difference in facts does not mean that the facts in Bass's case do not suffice to meet the standard for application of the enhancement.  For instance, Bass contends that in *United States v. Wooten*, 253 F.Appx. 854, 857-58 (11th Cir. 2007) (unpublished), which the court cites in the Recommendation, the defendant tried to avoid arrest by engaging in a high-speed chase with the police that ended with the defendant crashing his car.  Bass contends that the extreme measure the *Wooten* defendant took to avoid capture by the police suggest that Wooten was involved in a more serious drug offense than was Bass and further suggests that Wooten's gun possession was more likely than Bass's to be for the purpose of facilitating his drug crime.  However, Bass himself attempted to flee the police (albeit on

2

foot), resisted arrest, struck the arresting officer, and had to be subdued with pepper spray. Morever, the paraphernalia and contraband found in Bass's possession in connection with the drugs are just as likely as the facts in *Wooten* to suggest that Bass, too, was involved in the drug trade.  As noted in the Magistrate Judge's Recommendation, scales and large amounts of cash are items ordinarily associated with the drug trade, and guns are recognized "tools of the drug trade."

Bass also argues in his Objection that he had no prior criminal history establishing a propensity for armed robberies, gun violence, or distribution of illegal drugs "and should therefore not be compared to the proven gun-toting, drug-dealing defendant" in another case cited by the Magistrate Judge in her Recommendation.  However, Bass's PSI, which catalogs approximately 45 other arrests, reflects that in 2001, Bass pled guilty in state court to distributing methamphetamine and that, at the time of is sentencing in the instant case, there were also pending state charges against Bass for an incident that occurred in September 2004 (several months after the events forming the basis of the charges in the instant case) in which Bass led police on a high-speed car chase before wrecking his car then fleeing on foot.  A meth lab was discovered in Bass's car at that time, and he was charged with, among other things, trafficking in methamphetamine.

The court adopts the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this 28 U.S.C. § 2255 motion filed by Patrick Lemuel Bass is DENIED, as the claims therein entitle him to no relief.

Final Judgment will be entered accordingly.

DONE this 18th day of November, 2008.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE